UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HANIFI MARLOW JIHAD, f/k/a Marlow DeVette Jones, | Case No. 14-cv-3592 (DSD/LIB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| TOM ROY, Commissioner, State of Minnesota, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on petitioner Hanifi Marlow Jihad's petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The petition has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Jihad's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court recommends dismissal of Jihad's petition.

Jihad, a Minnesota state prisoner, was convicted by a jury in March 1995 of one count of first-degree murder and one count of attempted first-degree murder. *See State v. Jones*, 556 N.W.2d 903, 905 (Minn. 1996). As a result, Jihad was sentenced to life imprisonment for the murder conviction and 180-month term of imprisonment for the attempted-murder conviction, with those terms to run concurrently. *Id*. The Minnesota Supreme Court affirmed Jihad's conviction and sentence on October 31, 1996. *Id*. at 914.

Since that direct appeal, Jihad has filed four motions for post-conviction relief in state court, the most recent of which was denied in February 2014.[1]  *See* ECF No. 6 at 1-2 (setting forth procedural history).  None of these motions has been successful.  Jihad also filed a petition for a writ of habeas corpus in this District in 1999.  *See Jihad v. Hvass*, No. 99-CV-1416 (DSD/JMM) (D. Minn. filed Sept. 17, 1999).  That 1999 petition was dismissed as untimely, and the dismissal of that petition was affirmed by the Eighth Circuit.  *See Jihad v. Hvass*, 267 F.3d 803 (8th Cir. 2001).

Jihad now brings another petition for a writ of habeas corpus under § 2254.  In this petition, Jihad purports to raise seven grounds for relief.  That said, several of these enumerated grounds are duplicative; one of these enumerated grounds is merely a plea that his petition not be dismissed for untimeliness or failure to exhaust state remedies; and many other potential reasons for vacating Jihad's conviction and sentence are mentioned over the course of his 22-page petition and 57-page memorandum.

An in-depth analysis of the merits of each of these claims is unnecessary in this case, because Jihad's petition is plainly time-barred.  Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of

---

[1] Much of Jihad's petition and accompanying papers concern his failure to appeal the denial of his fourth motion for post-conviction relief in state court.  Jihad argues that he did not receive notice that his motion had been denied until the period for appealing that motion had passed, and he therefore requests that the Court ignore the requirement that habeas petitioners first exhaust state remedies.  In the alternative, Jihad requests that the Court "re-open" the period in which he is allowed to file an appeal in state court.  *See* ECF No. 3.  Because Jihad's petition is untimely in any event, this Court will not reach the question of procedural default or exhaustion of administrative remedies.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

For the vast majority of Jihad's claims, § 2244(d)(1)(A) unquestionably applies, as those claims do not involve previously undiscovered factual predicates nor seek to assert newly recognized constitutional rights, and no impediment created by state action prevented Jihad from raising his claims in the past. Jihad was therefore required to bring his claims within one year of the date on which judgment became final in his case. The Minnesota Supreme Court affirmed Jihad's conviction and sentence on October 31, 1996. *See Jones*, 556 N.W.2d at 914. The judgment in Jihad's criminal case became final 90 days thereafter. *See Jihad*, 267 F.3d at 804-05. Even taking into account periods in which Jihad had motions for post-conviction relief pending in state court    during which time the statute of limitations for habeas relief is tolled under § 2244(d)(2)    the limitations period for most of Jihad's claims has long expired. Indeed, Jihad's first petition for habeas relief under § 2254 was denied for untimeliness in 2000. *Id*. Obviously,

Jihad's claims for relief are no more timely 14 years later, and they must therefore be dismissed under § 2244(d)(1)(A) as time-barred.

The only potential exception is Jihad's claim that his trial counsel was ineffective during the plea-bargain stage of his criminal proceedings. Jihad argues that he could not bring this claim until after the Supreme Court's decision in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and thus that the 1-year limitations period for those claims should begin to run as of the date of that opinion under § 2244(d)(1)(C), and not the date the judgment in his criminal case became final under § 2244(d)(1)(A).

This claim, like each of the other claims raised by Jihad, is nevertheless time-barred. Jihad is incorrect when he asserts that *Lafler* announced a new constitutional right made retroactive on collateral review. *See United States v. Echerivel*, 500 Fed. App'x 568, 569 (8th Cir. 2013) (per curiam) (finding that *Lafler* did not announce a new rule of constitutional law). Section 2244(d)(1)(C) therefore does not apply, as that provision resets the 1-year limitations period for habeas claims only if the right asserted by the petitioner "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Jihad was required to bring this claim of ineffective assistance, like all of his other claims, within one year of the date after his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). He failed to do so, and it is now too late.

Moreover, even if § 2244(d)(1)(C) *did* apply to Jihad's claim under *Lafler*, that claim would be untimely in any event. *Lafler* was decided on March 21, 2012. Jihad did not file his state motion for post-conviction relief (thereby tolling the statute of limitations for his habeas petition) until January 2014 — that is, almost two years after *Lafler* was decided. *See* ECF No. 6

at 1. Thus, even if *Lafler* had announced a new constitutional rule cognizable on collateral review (and it does not), Jihad's 1-year window in which to bring a claim under *Lafler* in a habeas petition still would have expired.

Because the entirety of Jihad's petition is time-barred, the petition should be dismissed.

Only three remaining matters merit further comment:

*First*, most all of Jihad's petition is also likely a "second or successive" habeas petition that should have been presented to the Eighth Circuit for authorization prior to filing in this District. *See* 28 U.S.C. § 2244(b)(3). This provides an independent basis for denying any claims in Jihad's petition deemed to be "second or successive." *Id*. It is at least *arguable*, however, that Jihad could present his claim under *Lafler* to this Court without preauthorization from the Eighth Circuit. *See Engesser v. Dooley*, 686 F.3d 928, 935-36 (8th Cir. 2012); *Pennington v. Norris*, 257 F.3d 857, 859 (8th Cir. 2001) ("In sum, a prisoner who raises habeas claims that require § 2244(b) authorization, mixed with claims that do not, should be given the option of seeking authorization from the court of appeals for his 'second or successive' claims, or of amending his petition to delete those claims so he can proceed with the claims that require no authorization."). Nonetheless, this issue is ultimately immaterial, as all of Jihad's claims are plainly time-barred, and therefore, they should be dismissed.

*Second*, Jihad argues that the limitations period of § 2244(d) should not apply in this case, as he was convicted before that provision took effect. Jihad's habeas petition, however, was filed well after the passage of that provision, and thus it is governed by the statute of limitations set forth in that provision. *See, Johnson v. Gibson*, 254 F.3d 1155, 1159 (10th Cir. 2001); *Jihad*,

267 F.3d at 805-07 (affirming denial of Jihad's previous habeas petition as untimely under § 2244(d)).

*Third*, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). No other court, including the Eighth Circuit Court of Appeals, would decide that Jihad had brought his habeas claims within the time provided by § 2244(d). It is therefore recommended that Jihad not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Petitioner Hanifi Marlow Jihad's petition for a writ of habeas corpus [ECF No. 1] be SUMMARILY DISMISSED.

2. Jihad's application to proceed *in forma pauperis* [ECF No. 2] be DENIED AS MOOT.

3. Jihad's motion to re-open notice of appeal [ECF No. 3] be DENIED AS MOOT.

4. No certificate of appealability be issued.

Dated: September 29, 2014

s/Leo I. Brisbois
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 14, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A district judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.