UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 14-3592(DSD/LIB)

Hanifi Marlow Jihad,

        Petitioner,

v.                                                **ORDER**

Tom Roy, Commissioner,
State of Minnesota,

        Respondent.

    Hanifi Marlow Jihad, #181136, MCF-Stillwater, 970 Pickett Street North, Bayport, MN 55003, pro se.

    Jean E. Burdorf, Hennepin County Attorney's Office, A2000, 300 South Sixth Street, Minneapolis, MN 55487, counsel for respondent.

    This matter is before the court upon the pro se objection by petitioner Hanifi M. Jihad to the September 29, 2014, report and recommendation of Magistrate Judge Leo I. Brisbois.  Based on a de novo review of the file, record, and proceedings herein, and for the following reasons, the court adopts the report and recommendation in its entirety.

    The court reviews the report and recommendation of the magistrate judge de novo.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b).  After a thorough review of the file and record, the court finds that the report and recommendation is well-reasoned and correct.

    The background of this case is fully set forth in the report and recommendation, and the court will not repeat it here.  Jihad

objects to the magistrate judge's recommendation that his petition under 28 U.S.C. § 2254 should be summarily dismissed as untimely. Jihad argues that at least a portion of his petition should be deemed timely because one of his claims is based on a newly recognized constitutional right, as set forth in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012). As noted by the magistrate judge, however, the Eighth Circuit has concluded that <u>Lafler</u> did not announce a new rule of constitutional law. <u>United States v. Echerivel</u>, 500 Fed. App'x. 568, 569 (8th Cir. 2013). Even if the court were to conclude to the contrary, Jihad's petition would be untimely because <u>Lafler</u> was decided nearly two years before the instant petition was filed. <u>See</u> 28 U.S.C. § 2244(d)(1)(C) (providing a one-year limitation period running, in relevant part, from the date the constitutional right was initially recognized by the Supreme Court). Jihad's remaining claims are plainly untimely under 28 U.S.C. § 2244(d)(1)(A).

CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.  Petitioner's objection [ECF No. 11] to the magistrate judge's report and recommendation is overruled;

2.  The magistrate judge's report and recommendation [ECF No. 10] is adopted;

2

3.    Petitioner's application for a writ of habeas corpus [ECF No. 1] is denied;

4.    Petitioner's application to proceed in forma pauperis [ECF No. 2] is denied as moot;

5.    Petitioner's motion to re-open notice of appeal [ECF No. 3] is denied as moot;

6.    Pursuant to 28 U.S.C. § 2253, a certificate of appealability is denied.

7.    This action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October 16, 2014

s/David S. Doty_____
David S. Doty, Judge
United States District Court
